```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
         CHARLOTTE DIVISION
           3:19-cv-00673-MR
```

| | |
|---|---|
| MICHAEL GREEN, )<br> )<br>          Plaintiff, )<br> )<br>vs. )<br> )<br> )   <u>**ORDER**</u><br> )<br>MECKLENBURG COUNTY, )<br>et al., )<br> )<br>          Defendants. )<br>_____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. <u>See</u> 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 11].

**I. BACKGROUND**

Pro se Plaintiff Michael Green ("Plaintiff") is a federal prisoner currently incarcerated at the CANAAN U.S. Penitentiary in Waymart, Pennsylvania.[1] Plaintiff filed this action on December 10, 2019, pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff's allegations consist of a scant four paragraphs and

---

[1] Plaintiff also lists his last name as "Greene" in the body of his Complaint. [Doc. 1 at 3]. The last name associated with Plaintiff's Bureau of Prisons (BOP) Register Number, 22768-058, is Greene. According to the BOP website, Petitioner's current release date is December 23, 2060.

several attached documents. The Defendants include Mecklenburg County; FNU LNU, identified as the Mecklenburg County Clerk in 2005 and 2009; FNU LNU, identified as the Mecklenburg County Clerk(s) of Superior Court in 2005 and 2009 (collectively, the "Clerk Defendants"); John Does #1 and #2, not otherwise and identified; and Jane Does #1 and #2, not otherwise identified (collectively, the "Doe Defendants"). [Id. at 3].

Reviewing the documents attached to Plaintiff's Complaint, it appears that Plaintiff was convicted in 1999 in the Superior Court of Mecklenburg County on two counts of possession with intent to sell and deliver cocaine and two counts of delivery of cocaine. [See Docs. 1-3, 1-4]. One set of counts related to the possession with intent to sell and deliver of cocaine by Plaintiff on January 15, 1999 and the delivery of cocaine on that same date. [Doc. 1-3]. The second set of counts related to Plaintiff's possession, sale, and delivery of cocaine on January 25, 1999 and the delivery of cocaine on January 28, 1999. The court "consolidated the convictions into two judgments, each representing a single transaction." [See Doc. 1-5 at 1]. Plaintiff was sentenced to an active term of imprisonment of 15 to 18 months for the January 25 and 28, 1999 offenses. [Id.]. The trial court imposed a suspended sentence of the same duration for the January 15, 1999 offenses and placed Plaintiff on supervised probation for 36 months. [Id.].

Plaintiff appealed to the North Carolina Court of Appeals, which, on December 17, 2001, "remanded the case to the trial court with instructions to amend the judgments and resentence Plaintiff in accordance with State v. Moore, 327 N.C. 378, 381-82 (1990)." [Id.]. In Moore, the North Carolina Supreme Court held that a defendant may not be convicted for both sale and delivery of a controlled substance arising from one transaction under N.C.G.S. § 90-95(a)(1), which makes it unlawful to "manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." Id.

On November 18, 2009, new judgments were entered, reflecting the resentencing of the Plaintiff on remand from the Court of Appeals.[2] Contrary to procedure under N.C.G.S. §§ 15A-1334 and 15A-1340.16, Plaintiff was not present at the resentencing and was, therefore, unable to present any mitigating factors for the trial court's consideration. [Doc. 1-5 at 2]. In the corrected judgments for Plaintiff's January 15, 1999 and January 25 and 28, 1999 offenses for Plaintiff's possession, sale, and delivery of cocaine, Plaintiff was sentenced to active prison terms of imprisonment of eight (8) to ten (10) months and given credit for 300 days of time he had served prior to the date of those judgments. [Docs. 1-3, 1-4]. As such, it is apparent that,

---

[2] The reason for this delay is not apparent from the record.

3

at the time of the resentencing, Plaintiff had satisfied the custodial and probationary sentences for these offenses.

In or around early December 2018, Plaintiff learned of certain irregularities with the corrected judgments. [See Doc. 1 at 1, Doc. 1-2]. Namely, the judgments are typographically dated December 2, 2005, and list the Honorable Robert P. Johnston as the presiding judge. The judgments, however, were signed by Judge George C. Bell, on Judge Johnston's behalf, on November 18, 2009, as indicated by a date handwritten by Judge Bell. Further, the form used for the corrected judgment, AOC-CR-601, provides a revised date of "3/09." [Docs. 1-3, 1-4]. These documents raise the inference that the resentencing may have actually occurred on December 2, 2005 before Judge Johnston, but the written judgment and commitment thereon was not entered until November 18, 2009 by Judge Bell. [See id. at 2].

On December 3, 2018, Plaintiff filed a Motion for Appropriate Relief (MAR) in the Superior Court of Mecklenburg County, seeking that convictions that are the subject of the corrected judgments be vacated because the "fraudulent[ly] created documents" violated Plaintiff's "due process [and] equal protection rights." [Doc. 1-2 at 1]. The trial court granted the MAR and vacated the sentences imposed by the two judgment and

commitment orders, concluding that the trial court resentenced Plaintiff "incorrectly by depriving [Plaintiff] a right to be present as his resentencing hearing and right to be heard on mitigating factors under § 15A-1334 and § 15A-1340.16." [Doc. 1-5 at 3]. The trial court ordered that "the Mecklenburg County Sheriff's Office attempt to issue a writ on Plaintiff" from his then current place of confinement to have him appear in Mecklenburg County for a resentencing hearing. The trial court further ordered that if such writ were unsuccessful, the court would resentence Plaintiff after his release, if applicable. [Id.].[3]

In the instant Complaint, Plaintiff purports to state claims against Defendants for "substantive and procedural due process violations under both the Fourteenth Amendment to the U.S. Constitution made actionable pursuant to 42 U.S.C. § 1983 and under Article 1, Sections 1 and 19 of the North Carolina Constitution." [Doc. 1 at 3]. Plaintiff also purports to state claims for failure to supervise, failure to train, abuse of process, conspiracy to violate Plaintiff's rights under the U.S. and North Carolina Constitutions, and malicious prosecution. [Id.]. In support of these claims, Plaintiff alleges as follows:

---

[3] It is noted that neither the North Carolina Court of Appeals in 2001 nor the Superior Court in the MAR in 2019 vacated any of Plaintiff's convictions, but only Plaintiff's sentence, and ordered Plaintiff to be resentenced.

> The defendants name[d] above all agreed, conspired to violate plaintiff's rights by fraudulently fabricating and falsifying county records related to plaintiff. Said records were two separate state court judgment and commitment forms each containing two conviction[s] apiece…. Mecklenburg County Clerk of Superior Court, Assistant Clerks and John Doe 2x[,] Jane Doe 2x all knew or should have known that their actions were in fact illegal, wanton, reckless and in violation of plaintiff['s] civil rights and Constitutional rights. Mecklenburg County or "County of Mecklenburg" failed to supervise, failed to properly train and evaluate the other defendants mentioned herein. The defendant not only fraudulently manufactured the attached Judgment and Commitment form against plaintiff, but they also agreed upon and took steps to then file the attached documents into the County records. All conspiring to violate Plaintiff's U.S. and N.C. Constitutional Rights.

[Doc. 1 at 4]. Plaintiff, however, does not allege that the convictions were wrongful or the sentence improper, only that the corrected judgment forms were "fraudulent." [See id. 3-4]. In fact, the documents Plaintiff submits with his Complaint indicate that Plaintiff is *pending re-sentencing* on his state court convictions.

Plaintiff does not allege what injuries, if any, he suffered as a result of the alleged conduct. [See id.]. Plaintiff seeks monetary and injunctive relief, including "rescinding and/or expungement of [the] fraudulent documents," and attorney fees. [Id. at 4].

6

Case 3:19-cv-00673-MR   Document 12   Filed 06/10/20   Page 6 of 13

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. The Clerk Defendants

Judicial immunity extends to persons other than a judge where performance of judicial acts or activity as an official aide of the judge is involved. Wiley v. Buncombe County, 846 F.Supp.2d 480, 485 (W.D.N.C. Mar. 2, 2012) (citations omitted). Clerks of court, therefore, have been ruled immune from suit under § 1983 when performing "quasi-judicial" duties. Id. "The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts.'" Id. (quoting Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992)).

Here, Plaintiff claims the Clerk Defendants "fraudulently fabricated and falsified county records related to plaintiff." These records consisted of corrected judgments in Plaintiff's criminal proceedings. The acts incident to

8

the preparation and execution of these documents were necessarily quasi-judicial in nature. As such, Plaintiff's claims against the Clerk Defendants are barred.

Plaintiff makes nothing but bare, unsupported allegations regarding the perpetration of some sort of fraud relative to the subject documents, particularly where Plaintiff suffered no actual injury as a result of the alleged conduct. Plaintiff alleges no facts that raise a plausible inference of any fraud on the part of any state court officer. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); Ashcraft v. Iqbal, 556 U.S. 662, 680-81, 129 S. Ct. 1937, 1950-51 (2009). Rather, the documents attached to Plaintiff's Complaint raise the inference of clerical error and inattention allowing Plaintiff's resentencing to be left unaddressed for an extended period. Moreover, any prejudice arising from such erroneous documents was cured by the judgment in the MAR vacating the sentences reflected in those judgments. The Plaintiff still has the opportunity to argue as to the appropriate sentences for those convictions when that issue is again brought before the Superior Court.

Further, suits against elected officials are suits against the state. Bright v. McClure, 865 F.2d 623, 626 (4th Cir. 1989) ("The action against the defendant [clerk of court] in his official capacity is clearly one against the

state of North Carolina."). Clerks of Superior Court are elected officials within the North Carolina judicial branch. See Glover v. Gaston Cty. D.A. Office, No. 3:07-CV-234, 2007 WL 2712945, at *1 (W.D.N.C. Sept. 14, 2007). As such, the Defendant Mecklenburg County Clerk of Superior Court is protected by Eleventh Amendment immunity in suits brought in Defendant's official capacity.[4] See Harden v. Bodiford, No. 6:09-2362-HFF-WMC, 2009 WL 3417780, at *3 (D.S.C. Oct. 21, 2009)

Accordingly, Plaintiff's claims against the Clerk Defendants will be dismissed with prejudice.

### B. Mecklenburg County

Plaintiff alleges that Mecklenburg County "failed to supervise [and] failed to properly train and evaluate the other defendants mentioned herein." [Doc. 1 at 4]. However, a county may only be held liable for acts for which the county has final policymaking authority. See City of St. Louis v. Praprotnik, 485 U.S. 112, 123, 108 S.Ct. 915 (1988). Whether a county or county official has final policymaking authority in a specific area is a question of state law. Id. Pursuant to Article IV, § 9 of the North Carolina Constitution, the Clerk of Superior Court is an elected office. Pursuant to N.C. Gen. Stat.

---

[4] Plaintiff also names as a Defendant the Mecklenburg County Clerk, separate from the Mecklenburg County Clerk of Superior Court. [Doc. 1 at 1, 3]. No such separate government office exists.

§ 7A–102, the Clerk of Superior Court appoints the assistants, deputies and other employees in the clerk's office to serve at his pleasure. Mecklenburg County has no authority to make policy for the Clerk of Superior Court and/or his assistants, including policy relative to supervision, training, and evaluation of clerks. Plaintiff, therefore, has failed to state a claim against Mecklenburg County. See Wiley v. Buncombe Cty., 846 F. Supp. 2d 480, 486–87 (W.D.N.C.), aff'd, 474 F. App'x 285 (4th Cir. 2012) (dismissing § 1983 claim against defendant county for conduct by Deputy Clerk of Court).

The Court, therefore, will dismiss Mecklenburg County as a Defendant in this matter with prejudice.

### C. The Doe Defendants

Plaintiff does not identify or make allegations against the Doe Defendants in his Complaint other than to allege they "knew or should have known that thier [*sic*] actions were in fact illegal, wanton, reckless and in violation of plaintiff['s] civil rights and Constitutional rights." [Doc. 1 at 4]. Plaintiff does not identify in any manner who these people were, what positions they held or what "actions" they are alleged to have taken. It appears, therefore, that these Defendants are named as mere placeholders. While a plaintiff may name Doe defendants where he does not know the identity of individuals against whom he believes he has a claim, the Doe

defendant construct is not intended to create a safety net for later adding defendants to a suit. Instead, a plaintiff should employ Federal Rule of Civil Procedure 20(a)(2) to join additional parties as defendants to a lawsuit.

Before the Court dismisses this action, the Court will allow Plaintiff to amend his Complaint to state claims against the Doe Defendants. Plaintiff is cautioned that if the Doe Defendants are merely other "judicial adjuncts" with quasi-judicial immunity, suits against them would also be barred for the same reason as the claims against the Clerk Defendants.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant named or identified in the Complaint. The Court will dismiss Defendant Mecklenburg County and the Clerk Defendants with prejudice. The Court will allow Plaintiff thirty (30) to amend his Complaint, if he so chooses, to state a claim upon which relief may be granted against the Doe Defendants. Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order

and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Defendants Mecklenburg County Clerk (FNU LNU) and the Mecklenburg County Clerk(s) of Superior Court (FNU LNU) are dismissed as Defendants in this matter with prejudice.

**IT IS SO ORDERED.**

Signed: June 10, 2020

Martin Reidinger
Chief United States District Judge